THE ST. JOSEPH LEAD COMPANY V. SIMMS *et al.*,
*Plaintiff's in Error.*

DIVISION ONE.

1. **County Boards of Equalization.** The county boards of equalization in hearing complaints and equalizing assessments of property act judicially.

2. ———: REAL-PROPERTY EQUALIZATION. Said boards have power to equalize assessments on real property biennially not annually.

*Appeal from St. Francois Circuit Court.*—HON. JAS. F. GREEN, Judge.

AFFIRMED.

*Smith & Pipkin* with *A. Abernathy* for plaintiffs in error.

The county board under the statutory provisions relating thereto had the power at its meeting in April, 1891, to raise the valuation of the real property involved in this proceeding. R. S. 1889, secs. 7517, 7518-9. In the language of these statutes, but one intent can be discovered, which is that the county boards of equalization shall meet once a year; shall, without any distinction, equalize the valuation of all kinds of property at each meeting. This is the plain interpretation of these sections, and they should be so interpreted, and not be, by the refining process of construction too often indulged in, made to speak a tongue never dreamed of by the legislature. The intent of the legislature is the polar star of interpretation. *State v. Hays,* 78 Mo. 605; *State v. King,* 44 Mo. 285; Potter's Dwarris on Statutes, p. 175, *et seq.; Henry v. Evans,* 97 Mo. 47. Where the language is plain there is no room for construction. *Henry v. Evans,* 97 Mo. 55; *State ex rel. v. Gammon,* 73 Mo. 425.

*Wm. Carter & Weber* for defendant in error.

(1) Said board of equalization had no power or authority under the laws of this state to equalize the assessment of the real estate, situate in said county, or to raise the valuation thereof at its meeting in April, 1891, the same having been duly assessed by the assessor of this county, in the year 1889, and said assessment having been passed upon by the state board of equalization at its February meeting in the year 1890, and by the county board of equalization at its meeting in April, 1890. It then became the "basis of taxation on the same for the two years next succeeding." R. S. 1889, sec. 7552; R. S. 1889, sec. 7531, p. 1743; R. S. 1879, sec. 6705; Laws, 1881, sec. 5, p. 180; Laws, 1881, p. 178, sec. 1; Laws, 1883, p. 134, sec. 1; *Goold v. Lyon Co.*, 36 N. W. Rep. (Iowa) 906. (2) Nor did section 7518, Revised Statutes, 1889, relieve said board of its dilemma, or authorize it to raise the assessed value of the respondent's property at its meeting in April, 1891, when construed in connection with section 7552, Revised Statutes, 1889, and section 6705, Revised Statutes, 1879, and in connection with the past legislation of this state, governing the assessment of real estate and the power and duties of county boards of equalization in reference thereto. See authorities above cited. Const. 1875, sec. 18, art. 10; G. S. 1865, secs. 10, 13, p. 100; G. S. 1865, p. 97, sec. 14; Laws of 1870, sec. 1, p. 114; Laws of 1872, sec. 48, p. 92; Laws of 1873, sec. 15, p. 87.

BLACK, J.—The assessor of St. Francois county duly assessed two tracts of lands belonging to the plaintiff for taxation at the biennial assessment beginning on June 1, 1889. He assessed one tract containing six hundred and ninety-seven acres at the sum of $300,000, and the other containing seven hundred and fifty-five acres at the sum of $125,000. The county board of equalization met at the time appointed by law, namely,

the first Monday in April, 1890, and adjourned without day, making no change in the assessed value of this property. The board met again on the first Monday in April, 1891, it being the sixth day of the month, and on the ninth day of the same month made an order raising the assessed value of the first-named tract to $320,000, and the second to $155,000. The board then adjourned to the twenty-second of the same month, and in the meantime gave plaintiff notice of the change. The plaintiff appeared on the last-named date and objected to the increase of the assessed value, on the ground that the board acted in the matter without authority of law, but the board overruled the objection and adhered to its previous order. Thereupon, the plaintiff sued out this writ of *certiorari*, and upon final hearing the circuit court quashed and declared the order of the board of equalization null and void, from which judgment the persons constituting the board appealed.

The claim of the defendant is that the county board of equalization had a right, under the law, to equalize the assessment, either at its meeting in April, 1890, or at its meeting in April, 1891; while the plaintiff insists that the board had no power to change the assessed value after the meeting in 1890; that its jurisdiction over this property then ceased.

Section 7552, Revised Statutes, 1889, provides : "Real estate shall be assessed at the assessment which shall commence on the first day of June, 1881, and shall only be required to be assessed every two years thereafter. Each "assessment of real estate so made shall be the basis of taxation on the same for the two years next succeeding."

Section 7517 declares that " there shall be in each county in this state, except the city of St. Louis, a county board of equalization which board shall consist * * * and shall meet at the office of the county clerk on the first Monday of April of each year."

Section 7518 gives the board power "to hear complaints and to equalize the valuation and assessments upon all real and personal property within the county," and the persons constituting the board having taken the oath "shall immediately proceed to equalize the valuation and assessment of all such property, both real and personal, within their counties respectively, so that each tract of land shall be entered on the tax book at its true value : *Provided*, that said board shall not reduce the valuation of the real or personal property of the county below the value thereof as fixed by said state board of equalization."

The next section prescribes the rules to be observed by the board, and provides for notice to be given to persons whose property has been raised from the value fixed by the assessor, and such persons are given an opportunity to be heard. The board also has power to hear and determine all appeals made from the valuation of property as fixed by the assessor.

As section 7517 makes it the duty of the county board of equalization to meet on the first Monday of each year, it is, therefore, claimed that the board has the right and power to equalize the values of real estate at any annual meeting, especially so in view of the general words of the succeeding section. This is an entire misconception of the meaning of the statute. The assessment of real estate takes place but once every two years. The assessment thus made becomes the basis of taxation for the next two years. In the case in hand the assessment of real estate beginning on June 1, 1889, became the basis of taxation for the following two years. This is the assessment which was to be equalized at the annual meeting of the board held in April, 1890. The members of the board having taken the prescribed oath, it became their duty to hear complaints and appeals and to equalize the assessment. These duties were to be performed *immediately*, not a year thereafter ; for such is the plain letter of the law.

Vol. 108—15

This board, we have often held, acts judicially when performing these duties. *Ins. Co. v. Charles*, 47 Mo. 465; *Railroad v. Maguire*, 49 Mo. 483; *Black v. McGonigle*, 103 Mo. 193.

Having met and performed their duties, their power over that assessment ceased. It became the fixed and established basis of taxation for two years as to the real property, and one year as to the personal property. No doubt the legislature might have provided for a readjustment of values on real estate every year, but it has not done so.

The fact that the county board of equalization is required to meet annually argues nothing against these conclusions; for it must be remembered that the board passes upon assessments of personal property as well as upon assessments of real estate, and that personal property is assessed annually; and, hence, the necessity for annual meetings of the board. Again, these sections of the statute providing for a county board of equalization and prescribing the powers and duties of the board were first enacted in 1865, and have come down through the various acts and revisions without any substantial change. When they were first enacted real estate was assessed annually. The change to biennial assessments was made in 1870. The old sections must be construed so as to give full force and effect to the new method of assessing real property.

The plaintiff presses upon our attention the fact that under the law the state board of equalization meets every second year, and that, too, in the years when the county board of equalization is called upon to equalize the values of real estate. It is the business of the state board of equalization to raise or decrease the aggregate assessed value of the property of the entire county. It has nothing to do with adjusting the values of different parcels of property in the county. The state board also meets before the county board.

Thus in this case the state board met on the last Wednesday in February, 1890, while the county board met in April, 1890. The county board cannot reduce the aggregate value of the property in a county below that fixed by the state board, but it has the power to adjust and equalize the values fixed upon property within the county; and this it does after the state board has acted. We think the law governing the state board has little or nothing to do with the question in hand.

It follows from what has been before said that the order made by the county board of equalization in 1891, raising the assessed value of the plaintiff's lands, is void for a want of power in the board to make it. The judgment is affirmed. BARCLAY, J., absent, the other judges concur.