# HOMER STRICKLEN, by his Next Friend, Appellant, v. COMBE PRINTING COMPANY.

### Division Two, April 8, 1913.

1. **INSTRUCTIONS: Refused: Point Already Covered.** When given instructions fully cover a proposition, it is not error to refuse another instruction on the same subject, even though it be a corect statement of the law.

2. ————: ————: **Ignoring Evidence.** Plaintiff's finger was crushed in a box-pasting machine and he testified that he had to keep his fingers between the parts of the machine in order to hold the parts of the box in place until just before the moment of closing the machine—that he "had to be pretty quick to get his hand out in time." *Held*, that an instruction that "if the jury believe . . . both parts of the machine were stationary when the plaintiff was required to insert the box therein, and after inserting the box form . . . the plaintiff . . . caused the lower part of said machine to move up against the upper part, he was not required to work between the stationary and traversing parts of said machine while in motion," was erroneous and properly refused. because it ignored the foregoing evidence.

3. **NEGLIGENCE: Labor Inspection Law: Traversing Part of Machine: Sec. 6434, R. S. 1899.** Where one part of a machine closes against the face of another part it is a traversing part of the machine, and is within the terms of Sec. 6434, R. S. 1899, which provides that no minor or woman shall be required to work between the fixed and traversing parts of any machine, while it is in motion.

4. ————: ————: ————: ————: **Instruction: Refused: Ignoring Evidence.** Where plaintiff testified in effect that it was necessary for him to put his fingers between the parts of the machine, and also testified that he was instructed to do so, an instruction was erroneous and was properly refused, which read, in part, "it cannot be inferred by you that any operator of the machine was required to put his hands or fingers between the jaws while the same were performing their function in uniting the parts of the boxes. Such a requirement would be inconsistent with the use of the machine and a wanton disregard of the safety of the operator, and of this there is no charge or evidence."

5. ————: ————: **Sec. 6434, R. S. 1899: Not Repealed by Child Labor Law of 1907.** Sec. 6434, R. S. 1899, providing that no minor or woman shall be required to work between the fixed

and traversing parts of a machine while it is in motion, was not repealed by the "Child Labor Act" of 1907 (Laws 1907, p. 86).

6. ————: ————: ————: **Constitutional Question.** Nor was Sec. 6434, R. S. 1899, unconstitutional in that the title to the act contained more than one subject or in that the subject of that section was not expressed in the title to the act.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

REVERSED AND REMANDED (*with directions*).

*John S. Boyer* for appellant.

(1) Section 6434, in so far as it applies to minors under the age of 16 years, was not repealed either expressly or by implication by the Act of March 20, 1907. Laws 1907, p. 86. (2) The general repealing clause of the Act of 1907 is a mere formal provision which adds nothing to the act itself, and if there is any repeal effected it is by implication. 26 Am. & Eng. Ency. Law (2 Ed.), p. 719; State v. Kessels, 120 Mo. App. 244. (3) Repeals by implication are not favored. They will not be indulged unless it is manifest that the Legislature so intended, or unless the two acts are positively repugnant and wholly inconsistent. Manker v. Faulhaber, 94 Mo. 430; State ex rel. v. Slover, 113 Mo. 208; State ex rel. v. Walbridge, 119 Mo. 383; McGrew v. Railroad, 177 Mo. 533; Evans v. McFarland, 186 Mo. 703; Yall v. Gillham, 187 Mo. 405; State ex rel. v. Wilder, 197 Mo. 35; State ex rel. v. Wells, 210 Mo. 620; Lamar v. Adams, 90 Mo. App. 42; Donnell v. Lee, 101 Mo. App. 191; 26 Am. & Eng. Ency. Law (2 Ed.), pp. 721, 725-728. (4) Sec. 6434, R. S. 1899, was, at the 1909 session of the Legislature, repealed and re-enacted in modified form with a prohibition against minors under 16 years of age being required to work between the fixed and traversing or the traversing parts of any machine while it is in motion by the action of mechanical power. Laws 1909, p. 502.

*Vinton Pike* and *O. C. Mosman* for respondent.

(1) Section 6434 cannot stand with section 9 of the Child Labor Act (Laws 1907, pp. 86, 89.) The Legislature with great particularity prescribed the prohibited occupations, and none of them include working near or with a box form header. The act must be "understood as repealing all acts in relation to all cases which are provided for by the repealing act." Payne v. Connor, 3 Bibb, 180. The new act expressly repeals all former legislation not in conformity with the new. It is plain that the Legislature intended to cover by the new act the whole subject of employment of minors under 16 in factories. Meriweather v. Love, 167 Mo. 514; Ogden v. Witherspoon, Fed. Cas. 1061; Ex parte Benjamin, 4 Pac. 23; County v. Railroad, 6 Pac. 744; Slate v. Studt, 31 Kan. 245; U. S. v. Claflin, 97 U. S. 546; Koons v. Cluggish, 34 N. E. 651; Curtis v. Gill, 34 Conn. 49; Webb v. Baird, 8 Ind. 13. (2) Section 6434 has been a puzzle to the courts. The Kansas City Court of Appeals has construed it to mean that working nearby, or with, any machine, while in motion, etc., is being required to work between the "fixed or traversing parts," etc. Nairn v. Biscuit Co., 120 Mo. App. 144; Peters v. Gille, 133 Mo. App. 412. While the Federal Court of Appeals has held the contrary. Candy Co. v. Miller, 160 Fed. 51; Lead Co. v. Swyers, 161 Fed. 687. The section has since been "done over." R. S. 1909, sec. 7829.

ROY, C.—This suit was brought under section 6434, Revised Statutes 1899 (7829, R. S. 1909), which provides that "no minor or woman shall be required to . . . work between the fixed and traversing parts of any machine, while it is in motion by the action of steam, water or other mechanical power."

Labor Inspection Law: Negligence.

The plaintiff got a verdict for $500, which, on motion for a new trial, was set aside and the plaintiff has appealed from the order granting a new trial.

The petition alleges that plaintiff is over fourteen and under *twenty-one* years of age. It alleges that defendant was in the business of making pasteboard boxes and in other lines of business, and that it required plaintiff while in its employ to work between the fixed and traversing parts of a machine used in pressing and pasting together the ends of such boxes.

The answer contains a general denial and a plea of contributory negligence without alleging what that contributory negligence was. It also raised the point that the section under which the suit is brought is unconstitutional for the reason that the title to the act of which that section was a part contains more than one subject, and that the subject of that section is not clearly expressed in the title of said act; and, further, that it abridges the privileges and immunities of citizens of the United States, and denies to the defendant the equal protection of the laws.

The evidence shows that the injury occurred on July 16, 1908, and that the plaintiff became sixteen years old in September following. He began work Monday at noon, and the accident occurred on the following Saturday. The upper part of the machine was fixed and the lower part dropped down one or two inches to allow the end of the box to be inserted and then closed up against the upper part of the machine in order to press and paste the parts of the end of the box together. As to whether it was necessary for the operator to insert his fingers between the fixed and moving parts of the machine, the evidence is in conflict; that for the plaintiff tending to show that it was necessary, and that for the defendant showing the contrary. Plaintiff testified that defendant's foreman directed him to so insert his fingers in order to hold the parts of the box in position. The foreman testified

that he gave no such direction. Plaintiff testified that he had to be pretty quick to get his hand out in time. Plaintiff's forefinger was caught, and the end of it mashed off by the machinery.

At the request of the defendant the court gave the following instructions:

"If the jury believe from the evidence in this case that the defendant or its foreman did not require the plaintiff, Homer Stricklen, to put his hand or fingers between the upper and lower jaws of the header described in evidence, and of which the picture shown you is admitted to be a correct representation, while he was at work upon or with said machine, you will return a verdict for the defendant."

"If you believe from the evidence that the plaintiff was instructed by the defendant or its foreman, how to operate said heading machine in making the boxes described in evidence, and that the said work and said instructions and directions did not require him to put his hand or fingers between the jaws of the heading machine, you will return a verdict for the defendant."

The following instructions asked by defendant were refused:

"5. If the jury believe from the evidence that the machine about which the plaintiff was at work consisted of two parts, the upper fixed, and the lower part movable by means of electric or mechanical power, and that the said parts of said machine were used as they come together to press and fasten the ends of box forms, and that the distance between said parts of said machine when open was about an inch or two, and that the plaintiff in performing his work was required to take a box form in his hands at a distance from the end of said box form, and place the end to be pressed in between the parts of said machine aforesaid; in which position his hands would be several inches below the lower and movable parts of said ma-

chine, he was not required to work between the movable parts of said machine.''

''6. If the jury believe from the evidence that both parts of the machine in question were stationary when the plaintiff was required to insert the box form therein, and after inserting the box form between said parts of said machine, the plaintiff by means of a mechanical appliance caused the lower part of said machine to move up against the upper part, he was not required to work between the stationary and traversing parts of said machine while in motion.''

''13. The plaintiff was not required to work for defendant between the fixed or traversing parts of the machine in question, nor between the fixed parts thereof, or the traversing parts while the machine was in motion. The fixed part of said machine was the upper jaw of the 'header;' the lower jaw or moving part did not traverse or cross said upper or fixed part. The case of plaintiff is not within the regulation of the statute relied on by plaintiff.''

''14. It was not dangerous to life and limb for anyone to work in front of, near to or with said machine. The jaws of the heading machine being designed and used to press together the parts of the boxes in their manufacture, it cannot be inferred by you that any operator of the machine was required to put his hands or fingers between the jaws while the same were performing their function in uniting the parts of the boxes. Such a requirement would be inconsistent with the use of the machine and a wanton disregard of the safety of the operator, and of this there is no charge or evidence.''

The new trial was granted on the ground that the section of the statutes under which the suit was brought had been repealed by the Act of 1907.

**Instructions.** I. Instructions 8 and 9 given for the defendant fully covered the point as to

whether plaintiff was required to work between the fixed and traversing parts of the machine, and the refusal of the fifth instruction asked by defendant on the same subject was not error. When the given instructions fully cover a proposition, it is not error to refuse another instruction on the same subject, even though it be a correct proposition of law.

II. The court properly refused defendant's sixth instruction. Plaintiff's evidence tended to show that it was necessary to keep his fingers between the parts of the machine in order to hold the parts of the box in place until just before the moment of closing the machine. He stated that he "had to be pretty quick to get his hand out in time." The instruction ignored that evidence and was properly refused.

III. The defendant's refused instruction 13 appears to be based upon the idea that

Machine: Traversing Part.

as the lower part of the machine closed up against the upper part, it did not *traverse* that part. A traverse is defined to be "something that thwarts, crosses or obstructs," and *to traverse* is "to obstruct, to cross by way of opposition." We conclude that where one part of a machine closes against the face of another part it is a traversing part of the machine, and is within the terms of the statute. We do not mean to say that the statute does not cover a machine whose parts pass each other in actual touch or close proximity, but we do hold that it covers a machine whose parts close against each other.

IV. Defendant's fourteenth refused instruction ignored the evidence in the case. Plaintiff in effect testified that it was necessary for him to put his fingers between the parts of the machine, and also testified that he was instructed to do so.

Sec. 6434,
R. S. 1899:
Not Repealed
by Child
Labor Act.

V. Appellant contends that the section on which this action is based was repealed by the "Child Labor Act" (Laws 1907, p. 86 et seq.). Section 9 of that act provides that "no child under the age of sixteen years shall be employed to adjust any belt to any machinery or to oil or assist in oiling, wiping or cleaning machinery; nor shall any such child operate or assist in operating circular or band saws, wood shapers," etc. (setting out a long list of things not permitted). That list does not in specific words include the act of working between the fixed and traversing parts of machinery. The section under which the suit is brought is a part of the "Inspection Act" of 1891 providing for the "Health and Safety of Employees" (Laws 1891, p. 159).

Both the "Child Labor Act" and the "Inspection Act" are embodied in the last revision of the statutes.

A casual reading of the two acts will show that the Act of 1907 was not intended to supplant entirely the Act of 1891, for it does not purport to regulate anything but child labor; whereas, the other act regulates the labor of adults as well as of minors. The only express words of repeal in the Act of 1907 are as follows: "Sec. 13. All acts or parts of acts not in conformity with the provisions of this act are hereby repealed." The words "not in conformity with" mean the same thing as the words "in conflict with." There is no conflict or lack of conformity between the two sections. If there has been a repeal, then it is one by implication. "Where a statute repeals all former laws within its purview, the intention is obvious and is readily recognized to sweep away all existing laws upon the subjects with which the repealing act deals." [1 Lewis' Sutherland on Stat. Con., sec. 246.] The Act of 1907 does not purport to repeal all former statutes on the same subject. It merely repeals all conflicting acts.

"Where the later or revising statute clearly covers the whole subject-matter of antecedent acts, and it plainly appears to have been the purpose of the Legislature to give expression in it to the whole law on the subject, the latter is held to be repealed by necessary implication." [1 Lewis' Sutherland on Stat. Con., sec. 247.]

It cannot be said that the "Child Labor Act" covered the whole subject-matter of the "Inspection Act," and therefore the latter is not as a whole repealed by implication.

Section 9 of the Act of 1907 did not repeal the whole of section 6434, Revised Statutes 1899. It does not purport to do so. The latter section safeguards women as well as children and there is no reason to believe that the Legislature intends to withdraw that protection as to women.

The contention then narrows down to the point as to whether section 6434, in so far as it applied to children under sixteen was repealed. It was not repealed in express words, for there is no conflict between the two sections. It was not repealed by a later act covering the whole subject of the former act. It was not repealed by a later section covering all the subject of the former section. As said by Sutherland in the work above quoted, section 247, "The intention to repeal, however, will not be presumed." The Act of 1891 in seeking to guard children against the dangers of machinery singled out the one particular of their working between the traversing parts of machinery, or between the fixed and traversing parts thereof. The Legislature must have thought that work in that situation was the most perilous that a child could do. When the "Child Labor Act" was passed it surely was not intended to provide for other kinds of less dangerous work and repeal the law as to the most dangerous kind.

We call attention to the fact that in 1909 (Laws 1909, p. 502) section 6434 was expressly repealed, but its provisions in behalf of children were by the same act re-enacted, and those with reference to women were modified. The Legislature did not proceed on the theory that the protection given to children had been or should be repealed. It is true that the construction given by the Legislature against the theory that there was a repeal does not bind us, but we are of the opinion that the Legislature was right in treating the whole section as still in force.

Constitutional VI. We see no constitutional objection to
Question. the statute. Counsel for respondent have not shown us any authority for the proposition that it violates the State or national Constitution. It is a valid exercise of the police power of the State. It is true that in Williams v. Railroad, 233 Mo. 666, section 20 of the Act of 1891, now section 7844 of the Revised Statutes was held unconstitutional because the subject-matter of the section was not embraced in the title. But that section had reference to railroads and for that reason was held not within the title of the act. The section in controversy was clearly within that title.

The judgment is reversed and the cause remanded with directions to reinstate the verdict and enter judgment in accordance therewith. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.