THE STATE ex rel. JAMES WATERWORTH et al. v. CLAUDE L. CLARK, Acting Superintendent of Insurance.

*In Banc, June 28, 1918.*

1. **STATUTE: Unconstitutional Amendment: Prior Statute Restored.** If an existing statute be amended and reenacted, and be by the amendment rendered unconstitutional, the original statute, upon judicial declaration of invalidity of the amended statute, automatically comes into force again.

2. **INSURANCE: Rating Act: Unconstitutional Amendment of 1903: Restoration of Prior Statute.** The statute of 1898 declared that no fire insurance policy should contain a clause "requiring the assured to take out or maintain a larger amount of insurance than that covered by such policy" or "making provision for a reduction of the loss or damage by reason of a failure to take out or maintain other insurance." In 1903 the statute was amended by adding a proviso that the inhibition "shall not apply to policies issued upon personal property in cities which now contain or which may hereafter contain one hundred thousand or more inhabitants." *Held,* that, if the amendment had the effect to make the general inhibition a local or special law and for that or any other reason rendered the amended statute unconstitutional, the original act automatically came into force again, and if it was a valid enactment the general inhibition thereafter obtained.

3. ————: ————: **Repeal by Implication of Existing Statute: Inconsistency.** There is no inconsistency between the Insurance Rating Act of 1915 and Section 7023, Revised Statutes 1909, and consequently Section 7023 was not repealed by implication by said act. Section 7 of said act does say that a fire insurance company shall

not "fix and charge any rate for fire insurance upon property in this State which discriminates unfairly between risks in the application of like charges and credits, or which discriminates unfairly between risks of essentially the same hazards and having substantially the same degree of protection against fire," and Section 7023 declares that no insurance policy shall contain any clause "requiring the assured to take out or maintain a larger amount of insurance than that covered by such policy" except in cities having one hundred thousand inhabitants or more; but there is a difference in the hazards and the amount of protection in such cities and in other parts of the State, and said Section 7, when the words "charges and credits" are read in the light of the next clause, means that it is only when the hazards and the protection against fire are the same that discrimination in rates is forbidden.

4. ————: ————: *Class Legislation.* Other things being equal classification in legislation on the basis of population is not unconstitutional.

5. ————: ————: *Filing of Rate With Superintendent: Mandamus.* The court refuses to compel, by its writ of mandamus, the Superintendent of Insurance to file, approve and permit the use on all standard policies of fire insurance of what is called the "Reduced Rate Contribution Clause" presented by petitioners, because the statutes do not authorize the same reduction in rates throughout the State.

Mandamus.

WRIT DENIED.

*Thomas Bates, Seymour Edgerton* and *Chas. G. Revelle* for relators.

(1) Sec. 7023, R. S. 1909, is in direct conflict with and was repealed by the "Rating Act." Laws 1915, pp. 313-320; State ex rel. v. Public Service Commission, 259 Mo. 704; State ex rel. v. Public Service Commission, 270 Mo. 547; Fidelity Trust Company v. Revelle, 181 S. W. 53. (2) Particularly was that part of said section repealed which prohibits the use of the "Reduced Rate Contribution" or "Coinsurance" clause in cities and towns having a population of less than one hundred thousand inhabitants. Sec. 7, Laws 1915, p. 316; Sec. 9, Laws 1915, p. 316; Sec. 10, Laws 1915, p. 317; Sec. 17a, Laws 1915, p. 319; Sec. 17, Laws

1915, p. 319; State ex rel. v. Geiger, 65 Mo. 306; State ex rel. v. Draper, 47 Mo. 29; Railway Company v. Gas Company, 53 Mo. 17; State ex rel. v. Shields, 230 Mo. 91. (3) Whenever it is necessary in order to give full effect to subsequent laws or to make them conform to the legislative intent, or to make them harmonize with the provisions of the Constitution, words will be modified, changed, and even stricken from a law. State ex rel. Harvey v. Sheehan, 190 S. W. 864; State v. Moody, 202 Mo. 120; Perry v. Strawbridge, 209 Mo. 64; State ex rel. v. Geiger, 65 Mo. 306. (4) That part of Section 7023 which prohibits the use of the ''Reduced Rate Contribution Clause'' in cities and towns of less than one hundred thousand inhabitants violates Subdivision 32 of Section 53, Article 4, Constitution, in that it is special and local and relates to a subject on which a general law could have been made applicable. State v. Granneman, 132 Mo. 331; State v. Gritzner, 134 Mo. 529; Henderson v. Koenig, 168 Mo. 372. (5) That part of said section which denies to citizens of cities and towns having a population of less than one hundred thousand inhabitants the right to contract for a reduced rate and obtain the advantages of the co-insurance clause also violates Section 1 of Article XIV of the Constitution of the United States in that it denies to persons within the State's jurisdiction the equal protection of the law and deprives persons of property rights without due process of law. The attempted classification is arbitrary and unwarranted. State v. Loomis, 115 Mo. 307; State ex rel. v. Kimmel, 256 Mo. 637; State ex rel. v. Railroad, 246 Mo. 514.

*Frank W. McAllister,* Attorney-General, *Thomas J. Cole,* and *John T. Gose,* Assistant Attorneys-General, for respondent.

(1) Relator's ''Reduced Rate Contribution Clause'' is in effect a provision for co-insurance and is condemned by Sec. 7023, R. S. 1909. Alsop Process Co. v. Continental Ins. Co., 175 Mo. App. 317; Attorney-

General ex rel. v. Michigan Lubricator Co., 148 Mich.
566; Dahms & Sons Co. v. Ins. Co., 153 Iowa, 168;
Farmers Feed Co. v. Ins. Co., 173 N. Y. 247; Richard's
Insurance Law (3 Ed.), Sec. 242. (2) Section 7023,
Revised Statutes 1909, was not repealed by the Rating
Act of 1915. (a) It is not contended that said Section
7023 was directly repealed; (b) And Section 7023 was
not repealed by implication. State ex rel. v. Slover, 134
Mo. 19; State v. Moulton, 262 Mo. 139; State ex rel. v.
Wells, 210 Mo. 620; State ex rel. v. Stratton, 136 Mo.
429; Evans v. McFarland, 186 Mo. 723; State ex rel. v.
Wilder, 197 Mo. 35; Manker v. Faulhaber, 94 Mo. l. c.
439; Lewis's Sutherland on Statutory Construction, p.
461 et seq. (3) The entire proviso attached to Sec. 7023,
R. S. 1909, is unconstitutional, because it is in effect
special and local legislation arising by the partial repeal
of a general law. Mo. Constitution, Art. 4, sec. 53, par.
33; Sec. 7023, R. S. 1909; Henderson v. Koenig, 168 Mo.
370; State v. Anslinger, 171 Mo. 612; Anderson v. City
of Trenton, 42 N. J. L. 486; Plummer v. Borsheim, 8 N.
D. 565; In re Connolly, 17 N. D. 550. (4) The proviso
being unconstitutional, Section 7023 will remain in
force as it was prior to the unconstitutional amend-
ment. State ex rel. v. Mills, 231 Mo. 498; Eberle v.
Michigan, 232 U. S. 700; Lexington v. Lafayette
County Bank, 145 Mo. 681; State v. Rich (Mary-
land), 36 L. R. A. (N. S.) 344; 36 Cyc. 1056. (5)
This court should not strike from the proviso the
words "in cities which now contain, or which may
hereafter contain one hundred thousand inhabitants or
more." To do so would be to exercise the legislative
function and make the proviso apply to the entire
State, which clearly was not the intention of the
legislature. State ex rel. v. Ry. Co., 195 Mo. 250;
State ex rel. v. Railroad, 246 Mo. 517; Edmunds v.
Herbrandson, 14 L. R. A. 730. (6) Courts will construe
a statute as written, without regard to the results of
the construction, or the wisdom of the law as thus con-
strued. State ex rel. v. Wilder, 206 Mo. 549; Belfast

Ins. Co. v. Curry, 175 S. W. 205; McCrary v. United States, 195 U. S. 27.

FARIS, J.—This is an original proceeding by mandamus whereby it is sought to compel respondent, as the Acting Superintendent of Insurance, to file, approve and permit the use on all standard policies of insurance of what is called the "Reduced Rate Contribution Clause."

The petitioners are the managers of what they denominate the "Missouri Inspection Bureau," an unincorporated entity, established and maintained under the provisions, it is alleged, of an act entitled "An Act to regulate insurance against loss or damage by fire, lightning, hail, windstorm and sprinkler leakage, and the rates of premium thereon, and to provide for the making and maintenance of public records in relation thereto, with an emergency clause," approved March 20, 1915. [Laws 1915, p. 313.]. This act is called in the briefs the "Rating Act," and we shall for convenience hereinafter refer to it by that name.

The Reduced Rate Contribution Clause, which petitioners by this proceeding seek to compel the Superintendent of Insurance to file and approve for use upon all standard policies, which policies he is required by another statute to approve, reads thus:

"Uniform Standard Missouri

"REDUCED RATE COSTRIBUTION CLAUSE WITH APPLICATION.

........................ hereby request that there be attached to Policy Number ...... of the ........ (name of company) ....... .............., the following Reduced Rate Contribution Clause, to wit:

"In consideration of the rate at and or form under which this policy is written, it is expressly stipulated and made a condition of this contract, that this company shall be held liable for no greater proportion of any loss than the amount hereby insured bears to ....% of the actual cash value of the property described herein at the time when such loss shall happen; but if the total insurance upon such property exceeds ....% at the time of such loss, then this company shall only be liable for the proportion which the sum hereby insured bears to such total insurance.

"If this policy be divided into two or more items the foregoing condition shall apply to each item separately.

"It is understoood by the undersigned that the effect of the above-mentioned Reduced Rate Contribution Clause, when attached, will be to reduce the liability of the insurance, unless the property described in the policy covered by said insurance is insured for ....% of its actual cash value, except where the loss exceeds the amount of insurance required under this clause.

"...........................Assured.

"In compliance with the above application signed by the assured under this policy, made to and on file with this company, the aboved Reduced Rate Contribution Clause is made a part of this policy.

"Attached to and forming part of Policy No. ........ of the ........ (name of insurance company) ........ issued at its ..............................Agency.

"Dated ..............., 19....

"...........................Agent.

"This application and clause must be signed by both assured and agent in duplicate and attached to both policy and daily report."

The issuance of an alternative writ has been waived, and it has been agreed that the petition filed herein should be regarded for all purposes as the alternative writ. To this petition, respondent has interposed a general demurrer, so that the case is before us upon an issue of law.

I. The respective contentions of law arising upon the demurrer, are these: Petitioners concede the application of a statute which was passed in 1893 (Laws 1893, p. 186,), and which was amended in 1903, by appending thereto a proviso in substance to the effect that the prohibition of the section should not be applicable to cities containing 100,000 inhabitants, or more (Laws 1903, p. 209), and which now appears as Section 7023, Revised Statutes 1909, and reads thus:

Constitutionality.

"No fire insurance policy which may be issued after this section takes effect shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that covered by such

policy, nor in any way providing that the assured shall be liable as coinsurer with the company issuing the policy for any part of the loss or damage which may be occasioned by fire or lighting to the property covered by such policy, nor making provisions for a reduction of such loss or damage, or any part thereof, by reason of the failure of the assured to take out and maintain other insurance upon said property. And all clauses and provisions in fire policies, issued after the taking effect of this section, in contravention of the prohibitions in this section contained, shall be *ab initio* void and of no effect: *Provided,* that the provisions of this section shall not apply to policies issued upon personal property in cities which now contain or which may hereafter contain one hundred thousand inhabitants or more whenever the insured sign an agreement endorsed across the face of said policy to be exempt from the provisions thereof.''

But petitioners contend (a) that the Rating Act has by the clearest implication (aided by an express repealing section, affecting all inconsistent provisions) repealed Section 7023 supra, and (b) that whether repealed or unrepealed, Section 7023 is unconstitutional. The first point is not unduly *stressed in the petition,* and if it be made therein at all, it is made by the very vaguest implication. It is, however, most strenuously urged in the brief of the petitioners.

The contention of constitutional invalidity is bottomed upon the effect of the proviso, which was added, as stated above, by amendment in 1903. There is no attack made upon the section as it stood before the amendment, which amendment permits the attachment of the Reduced Rate Contribution Clause to a policy on the request of the assured, in all cities containing one hundred thousand inhabitants or more. It is on this point contended that the proviso had the effect to make the theretofore general inhibition against the Reduced Rate Contribution Clause a local and special law, and impaired the obligation of contracts, and that

as amended it denied to the inhabitants of the State, other than those residing in cities of one hundred thousand or more inhabitants, the equal protection of the law, and had the effect to take their property without due process of law.

The bare statement of the contention makes it apparent that even if the amendment in 1903 had the effect to render the act unconstitutional, the petitioners are in no wise aided by such invalidity. For it is fairly well-settled that if an existing statute be amended and re-enacted, and be by the amendment rendered unconstitutional, the original statute upon the judicial declaration of invalidity comes automatically into force again. [Lexington v. Lafayette County Bank, 165 Mo. 671; State ex rel. v. Mills, 231 Mo. 1. c. 498; State ex rel. v. Gantt, 274 Mo. 490; Eberle v. Michigan, 232 U. S. 700; State v. Rice, 80 Atl. 1026; 36 Cyc. 1056, and cases cited.] Since, therefore the original statute absolutely forbids and *makes void all reduced rate contribution clauses,* specifically, and because they were methods of co-insurance (Process Co. v. Continental Insurance Co., 175 Mo. App. 317) without regard to the residence of the assured, petitioners would be in no wise aided by the unconstitutionality of said section, in so far as such invalidity is bottomed upon the fact of amendment. We need not therefore take up space with this contention.

II.   But it is said that the Rating Act of 1915 is patently inconsistent with the provisions of Section 7023, and that, therefore, the latter is repealed by Section 17 of the Rating Act, which expressly repealed all inconsistent acts or parts of acts. [Laws 1915, sec. 17, p. 319.]

The rule is well-settled that repeals by implication are not favored in law. [Gasconade County v. Gordon, 241 Mo. 569.] There is in the Rating Act an express repeal, however, of all acts and parts of acts which are inconsistent with the provisions of that act. [Sec. 17, p. 319, Laws 1915.] This leaves open for judi-

cial determination the question whether there is as between the provisions of the Rating Act and those of Section 7023, supra, any irreconcilable conflict and repugnancy. [Stricklen v. Combe Printing Co., 249 Mo. 614.] If there is, we must needs enforce the section which repeals all inconsistent provisions, and declare so much of Section 7023 as is in conflict with the provisions of the Rating Act to be no longer in force. Particularly it is contended that Sections 9 and 10 of the Rating Act are in conflict with the provisions of said Section 7023.

In brief, and substantially, Section 7023, supra, provides: (a) That no insurance company shall write any policy which requires the assured thereunder to carry a larger amount of insurance than that covered by such policy; (b) nor any policy requiring the assured to become in effect a co-insurer with the company issuing the policy for any part of the loss or damage which may accrue; (c) nor any policy providing for a reduction of the amount otherwise payable in case of loss, by reason of the failure of the assured to take out and maintain in force other and additional insurance upon the property. The proviso, mentioned above, removes this prohibition as to those persons residing in cities of one hundred thousand inhabitants or more, who may, upon their own written request, make insurance contracts of the forbidden sort.

Section 1 of the Rating Act requires each company engaged in taking risks of the sort named in the title of the act, to maintain a public rating record, from which the premium applicable to every risk in the State may be ascertained. This record is required to show basis rates, with all additions to such rates caused by exposures, or conditions, permits and standards, and the forms and endorsements on which each rate is predicated, as well as the change of rate made on account of the change of form and endorsements. These records are to be kept open to the public, in order that the proposed insurer may readily ascertain in advance the rate to be charged him, and the com-

ponents of charge and credit which go to make up that rate. [Sec. 1, p. 314, Laws 1915.] Upon the issuance of any policy the assured shall be furnished a schedule, or analysis, which shows the basis rate and the items of charge and credit which enter into and determine the whole rate charged. Section 7, of said Rating Act, forbids any company, or any rating bureau, from fixing any rate which discriminates unfairly between risks by reason of the application of like charges and credits, or, which discriminates unfairly between risks which have substantially the same hazards and the same protection against fire. Section 9, forbids the giving of any rebate by which the discrimination forbidden in Section 7 of the act may be brought about by evasion or subterfuge. Its effect is in all respects similar to that of Section 7 supra. Section 10 provides details by which the forbidden discrimination set out in Section 7 may be prevented. These sections are the only ones pointed out to us by the petitioners wherein the alleged conflict is urged as existing.

A careful reading and analysis of the Rating Act in the light of these contentions shows that the whole gist and burden of petitioners' complaint rests upon the forbidden discrimination contained in Section 7. This section is short and fairly plain, and we quote it for convenience and information. In full it reads thus:

"No fire insurance company or other insurer, nor any rating bureau, shall fix and charge any rate for fire insurance upon property in this State which discriminates unfairly between risks in the application of like charges and credits, or which discriminates unfairly between risks of essentially the same hazards and having substantially the same degree of protection against fire." [Sec. 7, p. 316, Laws 1915.]

If the *proviso* of said Section 7023, supra, which permits an assured residing in a city of one hundred thousand or more inhabitants to obtain a lower rate of insurance by reason of having attached to his policy the Reduced Rate Contribution Clause, discriminates unfairly between risks of essentially the same hazards,

and having substantially the same degree of protection against fire, as against an assured residing in the country, or in a city, town or village having less than one hundred thousand inhabitants, it is obvious that contradiction, contrariety and irreconcilableness inhere sufficient for a repeal of said Section 7023, by implication. If there is no difference in the hazards and the amount of protection against fire afforded to property situate in a city containing one hundred thousand inhabitants or more, as compared with that in a rural community, or in cities, towns and villages of the State containing less than one hundred thousand inhabitants, manifestly the point is well taken.

But is there not a difference, and is not that difference great enough to furnish a reason for the legislative distinction made? We think both of these questions must be affirmatively answered. For it will be seen that Section 7 does not prohibit all discrimination in rates; it only prohibits such discrimination in cases where the hazards are equal and the same degree of protection against fire is afforded. It is idle to say that the hazards of fire and the protection against the same are equal in St. Louis and Clinton, or in Kansas City and Cape Girardeau, or in St. Joseph and Cedar City. On first blush, the general provision in said Section 7 of the Rating Act, which forbids unfair discrimination "between risks in the application of like charges and credits," might seem to require the Reduced Rate Contribution Clause on every policy, if it is to be attached to any; because such a clause is either a charge or a credit (relators in effect say it is the latter) within the purview of Section 1 of the act, which requires all such charges and credits to be rated. But it is fairly clear that the words "charges and credits" simply mean, as the next subsequent clause makes plain, "hazards" of fire and "protection against fire." No other meaning is possible. Some of these charges are made upon the basis of nearness and nature of exposures, and some for defective construction, or construction below the standard fixed,

of the building insured, or the building containing the insured property. It is plain that these are "hazards," within the meaning of the last clause of the section. Likewise, the same is true of the "credits." These depend on the nearness and nature of the fire protection afforded, the distance and kind of exposures, and the nature of the construction above standard. So, all the charges and credits of this section depend wholly on the hazards and protection against fire. Indeed, this is the effect conceded by learned counsel in their exhausive briefs, for they strenuously insist that it was the intent of the Rating Act to give to insurers throughout the State "regardless of where their property may be located, the same rate when the conditions and the risks are the same."

If these conditions and risks are the same, then the Legislature, having no right to differentiate as between such risks, whether they are in rural districts or in cities of one hundred thousand or more inhabitants, must have intended to repeal Section 7023 supra, when they passed Section 9 of the Rating Act. If there is a difference in the hazards and the fire protection respectively afforded, then it is manifest that there is no inconsistency or repugnancy in these provisions, and the Legislature did not intend to repeal Section 7023. [State v. Moulton, 262 Mo. 137; State ex rel. v. Wells, 210 Mo. l. c. 620; State ex rel. v. Wilder, 197 Mo. 27; I Lewis's Sutherland on Stat. Con., sec. 256.] The rule upon both phases of this proposition is well stated in the excellent work of Mr. Lewis, thus:

"Affirmative statutes which contain no reference to existing statutes, either to amend or repeal them, import that the law-maker has no conscious purpose to affect them, unless by congruous addition. On the other hand, when there is inserted in a statute a provision declaring a repeal of all inconsistent acts and parts of acts, there is an assumption that the new rule to some extent is repugnant to some law enacted

before. There is a repeal to the extent of any repugnancy in either case, but no farther. The insertion, therefore, of such a general repealing clause adds nothing to the repealing effect of the act.''

Other things being equal we have long accorded to the Legislature the privilege of classification in legislation upon the basis of population. [State ex inf. v. Southern, 265 Mo. l. c. 286; State ex inf. v. Tobacco Co., 177 Mo. 1; State ex rel. v. County Court, 128 Mo. l. c. 442; State ex rel. v. Bell, 119 Mo. 70; State ex rel. v. Roach, 258 Mo. l. c. 561; State ex rel. v. Miller, 100 Mo. l. c. 447.]

Upon this consideration in the last analysis the whole case as presented turns. We are constrained to say that since the Legislature had the authority to make the population distinction which occurs and which justifies the classification, we cannot say that there exists any sufficient repugnancy and inconsistency, as to work a repeal of Section 7023, by that implication, arising from the express repeal of inconsistent acts and parts thereof.

Other questions raised by respondent, viz., (a) that the proviso appended to Section 7023 is itself unconstitutional, and (vaguely) (b) that since the exercise of the authority to approve a form of standard fire or lightning insurance contract is one which under the statute (Sec. 7030, R. S. 1909) rests in the sound discretion of the Superintendent of Insurance, that discretion, so far as it is bottomed on policy, cannot be interfered with by mandamus, not being necessary to a decision, have not been considered. Neither have we considered the effect upon relators' position of the holding in Nalley v. Home Insurance Co., 250 Mo. 452, touching the constitutional validity of said Section 7030, Revised Statutes 1909. We have considered the case as it was presented to us.

It follows that the demurrer of respondent herein should be sustained, and the peremptory writ denied, and it is so ordered. All concur.