## PARK et al. v. KANSAS CITY SOUTHERN RY. CO.

### No. 9832.

Circuit Court of Appeals, Eighth Circuit.
March 16, 1934.

Rehearing Denied May 9, 1934.

Roy McKittrick, John W. Hoffman, Jr., and Gilbert Lamb, all of Jefferson City, Mo., Fred A. Boxley, of Kansas City, Mo., and Rufus Burrus, of Independence, Mo., for appellants.

Cyrus Crane and Frank H. Moore, both of Kansas City, Mo., and Thomas T. Railey, Edward T. Miller, and N. S. Brown, all of St. Louis, Mo., for appellee.

Before GARDNER and WOODROUGH, Circuit Judges, and MARTINEAU, District Judge.

WOODROUGH, Circuit Judge.

The bill in equity of the Kansas City Southern Railway Company against the members, respectively, of the state board of equalization and the state tax commission of Missouri presents as one of the grounds for injunction against an assessment for taxation claimed to be unlawful that, after the state tax commission had valued and assessed the railroad property in Missouri for taxation for the year 1932 at the sum of $6,917,-997, the state board of equalization undertook to raise the assessment to $7,529,203, or 10 per cent., although, as it is alleged, the said state board of equalization was entirely without power under the laws of Missouri to make any assessment of the railroad property in the state or to raise any assessment made by the state tax commission. It is alleged that the state tax commission was exclusively invested with power to make the assessment and the assessment so made by it was final. The answer admits that the state board of equalization had raised the assessment made by the state tax commission to the extent of 10 per cent., and the question of the power of the state board of equalization under the laws of Missouri to change the state tax commission's assessment was presented to the trial court on a motion of the railway company for judgment on the pleadings. The railway company having offered to do equity and to pay the taxes for the year 1932 upon such amount as the court should determine to be reasonable as a basis for the tender of payment as stated in the bill, was required by the trial court to pay the taxes on the amount of the assessment fixed by the state tax commission. After trial of the separate issue raised by the motion for judgment on the pleadings, the trial court held that the 10 per cent. raise in the assessment attempted to be made by the state board of equalization was void for want of any power in the state board of equalization to make the same, or to change the assessment made by the tax commission, and certification of the 10 per cent. increase in the assessment for tax levy purposes was enjoined. The members of the state board of equalization appeal. The members of the state tax commission do not. Postponing the other assignments of error, the first question which we consider on the appeal is whether the state board of equalization had power under the Constitution and laws of Missouri to change the assessment fixed by the state tax commission.

The state board of equalization, consisting of the Governor, state auditor, state treasurer, secretary of state, and Attorney General, was created by the Missouri Constitution of 1875, which prescribed the duties as follows: "The duty of said board shall be to adjust and equalize the valuation of real and personal property among the several counties in the State, and it shall perform such other duties as are or may be prescribed by law." Article 10, § 18.

Section 7514 of the Revised Statutes of 1889, enacted pursuant to this section of the Constitution, provided that the state board of equalization should equalize the valuations of property: "Among the respective counties in the following manner, to wit: First, they shall add to the valuation of the property, real or personal, in each county which they

believe is valued below its true value in money, such per centum in each case as will raise it to its true value; second, they shall deduct from the valuation of the property, real or personal, of each county which they believe to be valued above its real value in money, such per centum as will reduce the same in each case to its true value."

In the case of State ex rel. v. Vaile, 122 Mo. 33, 26 S. W. 672, 675, the Supreme Court of the state construed the constitutional provision and statute, and said: "The meaning of this statute, it seems to us, is clear. It gives the board power to equalize the value of property, real or personal, among the counties, but it gives that board no power to go into any county and equalize the value of parcels or classes of real estate therein. That is a matter confided by the law to the county board of equalization. The powers of the two boards are entirely different. The state board deals with the entire county assessment on real as on personal property, while the county board deals with individual assessments. The state board may no doubt raise or decrease by a uniform per centum the valuation on all lands in a county, without changing the valuation on personal property; or it may raise or decrease by a uniform per centum the valuation of all personal property in a county, without disturbing the valuation of real property; but it has nothing to do with adjusting the values of different parcels of land in the same county. Inequalities between parcels of land or classes of land in the same county are matters within the exclusive jurisdiction of the county board. The state board has nothing to do with them. St. Joseph Lead Co. v. Simms, 108 Mo. 222, 18 S. W. 906; Wells, Fargo & Co. v. Board of Equalization, 56 Cal. 194. The first clause of that part of the constitution before quoted is no doubt self-enforcing, but it is no broader or more comprehensive than the statute."

After this interpretation had been made of the constitutional provision and the section of the statute referred to, the Legislature in 1899 (Laws 1899, p. 323) enacted broader and more effective provisions to enable the state board of equalization to accomplish the equalization of assessment; such equalization being necessary to preserve the uniformity of taxation which is required by the Constitution. (Article 10, § 3: "They [taxes] shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.") By the act of 1899 the Legislature conferred upon the state board of equalization power to classify the different kinds of real and personal property within the state for the purpose of equalizing the valuations thereof, and particularly the board was empowered to classify railroad property as a subclass of personal property and to equalize the valuation of each class of property, including railroad property, among the respective counties of the state in the following manner:

"First—It shall add to the valuation of each class of the property, real or personal, of each county which it believes to be valued below its real value in money such percentum as will increase the same in each case to its true value.

"Second—It shall deduct from the valuation of each class of the property, real or personal, of each county which it believes to be valued above its real value in money such percentum as will reduce the same in each case to its true value." (Laws 1899, p. 324.)

The act of 1879 (Rev. St. 1879, §§ 6866, 6871) also provided for returns to be made of railroad property by the president or other chief officers of the corporations, and prescribed procedure for the state board of equalization to assess, adjust and equalize the aggregate valuation of the property of each one of the railroad companies required to make returns, and provided that the state board of equalization should have the power upon their knowledge or such information as they can obtain to increase or reduce the aggregate valuations of the property of any railroad included in the statements and returns made by the railroad companies. Section 10017, R. S. 1929 (Mo. St. Ann. §§ 10012, 10017, pp. 8031, 8033).

In addition to the assessment of railroad property so to be made by the state board of equalization after returns made to it by the railroad officers, the Missouri law also provided for local assessment of workshops, roundhouses, warehouses, and other buildings, etc., by proper assessors in the several counties, cities, etc., wherein such property is located, under the general revenue law of the state and the municipal laws regulating the assessments of other local property in such counties.

It is clear that, except as to the localized property last mentioned, the state board of equalization was, from and after 1899 and until 1917, fully empowered to make original valuation and assessment of railroad property as well as adjustment and equalization up to and including final certification for tax levy, and that it continuously and exclusively exercised such power. Upon this there is no controversy, but the claim made herein for the

672

railroad is that the State Tax Commission Act of 1917 repeals the powers which had been vested in the state board of equalization by the statute of 1899 referred to, and reduces the powers of the board to those powers named in the Constitution as interpreted in State ex rel. v. Vaile, supra. The contention is further that by the act of 1917 the power of assessment as to the kind of railroad property here involved (all other than local property) was vested exclusively in the state tax commission. There is no express repeal of the 1879 statute contained in the Tax Commission Act of 1917, but the contention is that the act of 1917 provides a plan for assessment by the state tax commission which is inconsistent and incompatible with the exercise by the state board of equalization of the power of equalization previously vested in and exercised by it.

The act of 1917 created the state tax commission and defined its powers and duties, Laws of Mo. 1917, p. 542 (article 4, c. 59, § 9819 et seq., R. S. Mo., 1929 [Mo. St. Ann. art. 4, c. 59, § 9819 et seq., p. 7916 et seq.]). Section 20 of the act (section 9854, R. S. 1929 [Mo. St. Ann. § 9854, p. 7930]), under the heading: "Authority of Commission—General Supervision Over Assessments," etc., declares generally that: "It shall be the duty of the commission, and the commissioners shall have power and authority, subject to the right of the state board of equalization, finally to adjust and equalize the values of real and personal property among the several counties of the state, as follows."

. The more particular specifications of the duties and powers of the state tax commission, all conferred with reference to the general qualifying words "subject to the rights of the state board of equalization," are set forth in fourteen numbered subdivisions. Subdivision 1 concerns the tax commission's general supervision over all of the assessing officers of the state and over county boards of equalization and appeal, in the performance of their duties. Subdivision 2 covers the conferring with and advising of assessing officers. Subdivision 3 refers to receiving complaints as to omitted property and fraudulent assessments. Subdivision 4 to forms and reports to the end that the tax commission may have complete information concerning the entire subject of revenue and taxation. In subdivision 5 the tax commission is required to furnish the state board of equalization at each session thereof a statement of the value of the taxable property in each county, and, when requested, to meet with the state board of equalization to the end that the state board

of equalization may adjust and equalize the valuation of real and personal property among the several counties in the state as is provided by law. Passing No. 6 for the moment, subdivision 7 requires the tax commission to cause omitted property to be placed upon the assessment rolls and to correct any errors that may be found in the assessment rolls. In subdivision 8 the tax commission is given power, upon notice and hearing, to raise the assessed valuation of real or personal property of any corporation. In subdivisions 9 and 10 there are provisions about visits and inquiries within the state and investigations of tax laws in other states and recommendations to be submitted to the Legislature, all to improve the system of assessment and taxation in the state. In subdivision 11 the commission is required to consult and confer with the Governor and the state board of equalization upon the subject of taxation, the administration of the laws in regard thereto, the progress of the work of the commission, and to furnish from time to time such assistance and information as may be required relating to tax matters. Subdivisions 12, 13, and 14 prescribe steps looking generally to the dissemination of information and furthering just, equal, and uniform taxation. Subdivision 6 is as follows: "The commission shall have the exclusive power of original assessment of railroads, railroad cars, rolling stock, street railroads, bridges, telegraph, telephone, express companies, and other similar public utility corporations, companies and firms now possessed and exercised by the state board of equalization. Said commission shall also have all powers of original assessment of real and personal property now possessed by any assessing officer, subject only to the rights given by the Constitution to the state board of equalization."

It cannot be doubted that the clear and explicit language of subdivision 6 did divest the state board of equalization of the power of original assessment of railroads then possessed and exercised by it, and conferred those powers upon the state tax commission. But there is nothing in the language of the first sentence to indicate any intention to divest the state board of equalization of the power which it had had since 1879 to equalize by raising and lowering valuations of railroad property. The power there conferred on the tax commission is the power of original assessment; a power which is distinct and different from the power of equalization after original assessment and not to be confused therewith. They are dissimilar functions.

The full purport of the second sentence of

subdivision 6 is not exactly clear. The language might be taken to mean that the tax commission had superseded all other assessment officers. But the Supreme Court of Missouri has settled that such was not the intention in Brinkerhoff-Faris Trust & Savings Co. v. Hill, 323 Mo. 180, 19 S.W.(2d) 746, 751. The court said: "The state tax commission was not intended to supplant local assessing officers and boards, but very clearly it is given full and adequate power, not only to supervise, but to review, their work."

We are satisfied that the local assessing officers and boards were the ones referred to in the second sentence of subdivision 6, and that the language had no reference to the state board of equalization. The extent to which the powers of the state board of equalization were to be affected by the act is evidenced in the first sentence, which takes away that board's power of original assessment only.

The only other provisions of the Tax Commission Act pointed to as reflecting an intention to divest the power of equalization of railroad assessments from the state board of equalization are those of subdivision 8, where it is said that the tax commission may, upon notice and after hearing, raise or lower the assessed valuation of the real or personal property of any corporation. Such power to raise or lower, however, is merely a necessary incident of original assessment. In the case of railroad property, having regard to the other parts of the act, it simply means that, in making original assessment of such property, the tax commission is not bound to assess in the amount reported by the railroad company, nor is it bound to conform to a previous assessment, but it may, upon notice and hearing, raise or lower as shall be found just.

It is significant to note that the Tax Commission Act provides that it "shall have the exclusive power of original assessment of railroads," etc., whereas the statute of 1879 (section 10017, R. S. Mo. 1929 [Mo. St. Ann. § 10017, p. 8033]), claimed to be repealed, provided concerning the purpose of the annual meeting of the state board of equalization: "The state board for the assessment and equalization of railroad property * * * shall meet annually * * * for the purpose of assessing, adjusting and equalizing the valuation of such railroad property."

The conferring of the exclusive power of original assessment upon the state tax commission, where, at the same time, the statute confers the power of equalizing upon the state board of equalization, indicates that the two functions have been divided; the function of assessing now resting with the state tax commission and the different function of equalization remaining with the state board of equalization.

The Constitution of Missouri contemplates as a part of the general scheme of assessment and taxation that the ultimate power to compel uniformity of assessment throughout the state and to equalize so as to prevent discrimination shall be lodged in the highest officers of the state, that is, in the state board of equalization, which includes the Governor, secretary of state, state auditor, state treasurer, and Attorney General. The power was admittedly lodged in that board before the passage of the Tax Commission Act, it is not, in express terms, taken away by the act, and we are not persuaded that there is such repugnancy between the powers vested in the tax commission and the exercising of the power of equalization by the board as to effect a repeal by implication. The case of Union Pacific R. Co. v. Board of Commissioners (C. C. A.) 35 F.(2d) 785, cited and relied on by appellee, does not appear to lead to any contrary conclusion. That repeals by implication are not favored is settled law in Missouri. State ex rel. v. County Court, 41 Mo. 453; Raymore Special Road District v. Huber, 212 Mo. 551, 111 S. W. 472; Nichols v. Hobbs (Mo. Sup.) 197 S. W. 258; Gasconade County v. Gordon, 241 Mo. 569, 145 S. W. 1160; State ex inf. v. Amick, 247 Mo. 271, 152 S. W. 591; State ex rel. v. Clark, 275 Mo. 95, 204 S. W. 1090; Wrightsman v. Gideon, 296 Mo. 214, 247 S. W. 135; State ex rel. v. Lee, 319 Mo. 976, 5 S.W.(2d) 83; State ex rel. v. Walker, 326 Mo. 1233, 34 S.W.(2d) 124. We find that the trial court erred in the ruling that the state board of equalization was without power to equalize the assessment made by the tax commission and in entering the judgment on the pleadings.

The appellant members of the state board of equalization present through numerous assignments of error that the trial court erred in refusing to dismiss the bill of the railway company because the bill fails to show requisite amount involved to give jurisdiction; because the state of Missouri is shown to be the real party defendant; because there is no equity in the bill; and because there is an adequate remedy at law. The claims of the railway company's bill in this case were not only that the 10 per cent. increase of assessment made by the state board of equalization should be enjoined, but also that a reduction of 10 per cent. should be made in the

674

assessment fixed by the tax commission. The trial court did not sustain a motion for judgment upon the whole case presented by the bill. It sustained the motion only to the extent of giving judgment upon one item of the relief prayed for. The trial court retained the jurisdiction over the remaining issues in the case and announced a date for appearances to arrange for trial or for reference to a master for the taking of testimony thereon.

It appeared in the trial court that the result of the judgment given on the pleadings would be to split the case as between the members of the state board of equalization and the members of the state tax commission, and that the case would proceed further against the members of the tax commission. But the effect of the reversal by this court is to restore the status as a single case proceeding against the members of the tax commission and the members of the board of equalization. Under these circumstances, and because the members of the tax commission are not parties to this appeal, this court will not pass on the numerous questions raised by the assignments of error against the sufficiency of the bill in advance of a final judgment in the case by the trial court further than to observe that our examination of the bill has satisfied that there is presented a case within the equity jurisdiction of the trial court.

The decree of the trial court awarding judgment on the pleadings is reversed on the sole ground that there was power in the state board of equalization to equalize assessment of railroad property, and the case is remanded for further proceedings.